## United States District Court for the District of Columbia

Kevin L. Jackson

    vs

Honeywell International Inc.

Civil Action No.
Jury Trial Demanded

### Complaint

Plaintiff, Kevin L. Jackson, brings a series of claims against Defendant, Honeywell International Inc., of which the following is a statement:

### Jurisdiction and Venue

1. This Court has original jurisdiction to hear this Complaint and adjudicate the claims stated herein under 28 U.S.C. §§ 1331, 1332 and 1343, this action being brought under the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"), and the Civil Rights Act of 1991, Pub. L. 102-166, 105 Stat. 1071 (Nov. 21, 1991). This Court may exercise supplemental jurisdiction over Mr. Jackson's state law claims pursuant to 28 U.S.C. §1367.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) in that defendant is a resident of this judicial district and a substantial part of the events and omissions giving rise to this cause of action occurred in this judicial district.

### The Parties

3. Plaintiff, Kevin L. Jackson, is an African-American male citizen of the United States and a resident of the State of Maryland.

4. Defendant Honeywell International Inc. invents and commercializes technologies in the areas of energy, safety, security, air travel, productivity and global urbanization. Defendant is a Delaware corporation with principal executive offices at 300 South Tryon Street,

Charlotte NC 28202 and a principal place of business at 101 Constitution Avenue NW, Suite 500W, Washington DC 20001.

5. At all times relevant to this action, defendant was an "employer" within the meaning of Section 1981 and applicable state law.

6. The acts set forth in this Complaint were authorized, ordered, condoned and/or done by defendant's officers, agents, employees and/or representatives while actively engaged in the management of defendant's business.

## *Background Facts*

7. Mr. Jackson was employed by defendant from January 3, 2017 until May 19, 2020, when his employment was terminated because of his race. He was last employed by defendant as Director of Business Development in the Aftermarket Americas Strategic Business Unit.

8. At all times during his employment with defendant, Mr. Jackson performed the duties of his position in an exemplary manner and had excellent performance reviews.

9. During his employment, Mr. Jackson reported to Elizabeth Boucek, the Senior Director of the Customer Business Team. John Bell, a White male and a Principal Sales Representative, also reported to Ms. Boucek. Tom Konicki, a White male also held the position of Director of Business Development working out of defendant's Washington, DC office, and reported to Richard Buchanan, a White male. Ms. Boucek reported to Steve Williams, a White male and Vice President of the Defense Aftermarket Americas business unit. Mr. Jackson and Mr. Bell were assigned to Air Force clients, and Mr. Konicki was assigned to the CHAMP team. Mr. Jackson was the only Black senior level sales employee on the Aftermarket Americas Team.

10. Sometime in 2020, allegedly because of the Covid-19 pandemic, defendant decided to implement an involuntary reduction in force ("IRIF"). At the time, defendant had a Reductions in Force Policy applicable to Non-Represented US Employees, such as Mr. Jackson.

11. According to defendant, employees were selected for the RIF based upon one or more of the following factors: "relative performance, employee length of service, and/or whether the job classification or function of the position the employee holds will continue to exist in its current form at the employee's site or in the United States after the IRIF."

12. At the time of the IRIF, Mr. Jackson had booked approximately $5.8 million in sales and was on pace to achieve his 2020 sales goal of $22 million in sales.

13. In contrast, at the time of the IRIF, Mr. Bell's sales performance was poor and he was not on pace to achieve his 2020 sales goal. In fact, Mr. Bell's sales pipeline was so poor that Mr. Williams had advised Ms. Boucek in an email that Mr. Bell needed to increase it. On information and belief, Mr. Konicki's sales performance also was poor and he was not on pace to achieve his 2020 sales goal.

14. Mr. Williams and Mr. Bell had a very close relationship. They travelled together to senior level sales meetings, external customer meetings where industry leaders were invited and which afforded Mr. Bell the opportunity to deepen and solidify his relationship with Mr. Williams.

15. In connection with the IRIF, Mr. Williams made the decision concerning which of the Aftermarket Americas Team members would be terminated. To assist him in making that decision and before he did so, Ms. Boucek sent an email to Mr. Williams ranking the performance of Mr. Jackson, Mr. Bell and Jimmy Warren, a White male Senior Marketing

Representative who had Air Force customer responsibilities. Ms. Boucek ranked Mr. Jackson first, Mr. Warren second and Mr. Bell third.

16. In violation of defendant's Reductions in Force Policy and motivated by race, and despite Mr. Jackson's outstanding sales performance at the time and Ms. Boucek's rankings, Mr. Williams selected Mr. Jackson for termination in connection with the IRIF.

17. Mr. Williams's selection of Mr. Jackson for termination was racially discriminatory and violated defendant's Reductions in Force Policy. In addition, at the time of his selection, Mr. Jackson was qualified to assume another position on the Aftermarket Americas Team.

18. Subsequent to selecting Mr. Jackson for termination, on information and belief, Mr. Williams assigned Mr. Jackson's clients and sales-related work to Mr. Bell and/or Mr. Konicki and/or others, and effectively retained them to perform all of the duties of Mr. Jackson's position.

19. Mr. Jackson has suffered, is now suffering and will continue to suffer emotional distress, mental anguish, loss of enjoyment of life and other non-pecuniary losses as a direct and proximate result of defendant's race discrimination.

20. Defendant discriminated against and terminated Mr. Jackson because of his race.

21. By reason of defendant's discrimination, Mr. Jackson suffered extreme harm, including loss of income and other employment benefits, loss of professional opportunities, embarrassment and humiliation.

22. Defendant acted and failed to act willfully, maliciously, intentionally and with reckless disregard for Mr. Jackson's rights.

## Count I

### The Civil Rights Act of 1866, 42 U.S.C. §1981

23. Plaintiff restates and realleges paragraphs 1-24, inclusive, as though set forth here in full.

24. Mr. Jackson had a federal statutory right under the Civil Rights Act of 1866, 42 U.S.C. §1981 ("Section 1981"), as amended, to be accorded the same rights as were enjoyed by White employees with respect to the terms and conditions of their employment relationship with defendant and to the enjoyment of all benefits, privileges, terms and conditions of that relationship.

25. Defendant's conduct described above deprived Mr. Jackson of the rights, privileges and immunities guaranteed to him under Section 1981.

26. By reason of defendant's race discrimination, Mr. Jackson is entitled to all legal and equitable relief available under Section 1981.

## Count II

### D.C. Human Rights Act of 1977, D.C. Code §2-1401.01, et seq.

27. Plaintiff restates and realleges paragraphs 1-26, inclusive, as though set forth here in full.

28. Mr. Jackson had a statutory right under the D.C. Human Rights Act of 1977 (the "DCHRA") to be free from race discrimination with respect to the terms and conditions of his employment relationship with defendant and to the enjoyment of all benefits, privileges, terms and conditions of that relationship.

29. Defendant's conduct described above deprived Mr. Jackson of the rights, privileges and immunities guaranteed to him under §2-1401.11(a)(1) of the DCHRA.

30. By reason of defendant's race discrimination, Mr. Jackson is entitled to all legal and equitable relief available under the DCHRA.

### Count III

*Maryland Fair Employment Practices Act, Md. Code Ann., State Gov't, §20-601 et seq.*

31. Plaintiff restates and realleges paragraphs 1-30, inclusive, as though set forth here in full.

32. Mr. Jackson had a statutory right under the Maryland Fair Employment Practices Act, Md. Code Ann., State Gov't, §20-601 et seq. (FEPA) to be free from race discrimination with respect to the terms and conditions of his employment relationship with defendant and to the enjoyment of all benefits, privileges, terms and conditions of that relationship.

33. Defendant's conduct described above deprived Mr. Jackson of the rights, privileges and immunities guaranteed to him under the FEPA.

34. By reason of defendant's race discrimination, Mr. Jackson is entitled to all legal and equitable relief available under the FEPA.

### Count IV

*Intentional Infliction of Emotional Distress*

35. Plaintiff restates and realleges paragraphs 1-34, inclusive, as though set forth here in full.

36. Defendant knew, or in the exercise of reasonable care, should have known, that its termination of Mr. Jackson because of his race and despite his outstanding job performance, would cause, and did cause, him mental distress, and was so extreme so as to exceed all bounds that are usually tolerated in a decent and civilized society.

37. Defendant's extreme and outrageous conduct intentionally or recklessly caused severe emotional distress to Mr. Jackson.

38. As a direct and proximate result of the acts and conduct described above, Mr. Jackson suffered actual damages, including loss of earnings and future earning capacity, emotional distress, mental anguish, humiliation and embarrassment, attorney's fees and costs.

39. The acts of defendant described above were willful, wanton, malicious, intentional, oppressive and done in willful and conscious disregard of the rights and welfare of Mr. Jackson, thereby justifying an award of punitive damages.

### *Jury Demand*

40. Mr. Jackson hereby demands a trial by jury as to all issues so triable.

### *Prayer for Relief*

Wherefore, Plaintiff, Kevin L. Jackson, respectfully prays that the Court:

a. adjudge, decree and declare that defendant has engaged in illegal race discrimination, and that the actions and practices of defendant complained of herein are violative of his rights under Section 1981, the DCHRA and the FEPA;

b. order defendant to provide appropriate job relief to Mr. Jackson, including reinstatement;

c. enter judgment in favor of Mr. Jackson and against defendant for all available remedies and damages under law and equity, including, but not limited to, back pay, front pay, past and future mental anguish and pain and suffering, in amounts to be determined at trial;

d. order defendant to pay the attorney's fees, costs, expenses and expert witness fees of Mr. Jackson associated with this case pursuant to 42 U.S.C. § 1988;

e. grant such other and further legal and equitable relief as may be found appropriate and as the Court may deem just or equitable; and

f. retain jurisdiction until such time as the Court is satisfied that defendant has remedied the unlawful and illegal practices complained of herein and is determined to be in full compliance with the law.

_____
Robert T Vance Jr
Law Offices of Robert T Vance Jr
100 South Broad Street - Suite 1525
Philadelphia PA 19110
215 557 9550 tel / 215 278 7992 fax
rvance@vancelf.com

*Attorney for Kevin L. Jackson*